Arlene H. LUMPER; Dennis L. Langan; Robin K. Nolan, from consolidated case CS–01–318–RHW, Plaintiffs—Appellants,

v.

BOEING CORPORATION, Defendant—Appellee.

No. 02–35554.

D.C. No. CV–01–00151–WFN.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 10, 2003.

Decided Oct. 7, 2003.

(quoting *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 281 (9th Cir.1996)).
* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before THOMPSON, HAWKINS, and BERZON, Circuit Judges.

## MEMORANDUM*

Arlene H. Lumper, Dennis L. Langan and Robin K. Nolan ("the appellants") appeal the district court's summary judgment in favor of Boeing Corporation ("Boeing"), their former employer. The appellants were for all relevant periods members of the International Association of Machinists and Aerospace Workers and covered by a collective bargaining agreement ("CBA") with Boeing.

The appellants do not challenge the district court's interpretation of their wrongful discharge claims as being subsumed by their claims under the Washington Law Against Discrimination ("WLAD"), and they have abandoned their negligent infliction of emotion distress claims. Their sole remaining claims are asserted under the WLAD.

Applying the test articulated in *Jimeno v. Mobil Oil Corp.*, 66 F.3d 1514, 1523 (9th

Cir.1995) and *Miller v. AT & T Network Systems*, 850 F.2d 543, 548 (9th Cir.1988), the district court concluded that Section 301 of the Labor Management Relations Act (" § 301"), 29 U.S.C. § 185, preempts the plaintiffs' WLAD claims. The district court held that plaintiffs' claims are substantially dependent on an interpretation of the CBA, and cannot be evaluated independent of Boeing's CBA obligations.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's determination of § 301 preemption. *Cramer v. Consolidated Freightways Inc.*, 255 F.3d 683, 689 (9th Cir.2001). Because our decision in *Humble v. Boeing Co.*, 305 F.3d 1004 (9th Cir.2002), is controlling, we reverse.

We filed our opinion in *Humble* after the district court entered summary judgment in this case. In *Humble,* we held that a reasonable accommodation claim under the WLAD was not preempted by § 301. *Humble,* 305 F.3d at 1008. While § 301 will act to preempt a wide variety of state law claims in order "to generate and protect a body of consistent federal law interpreting CBA provisions . . ., the Supreme Court has repeatedly admonished that § 301 preemption is not designed to trump substantive and mandatory state law regulation of the employer-employee relationship." *Id.* at 1007. *Humble* makes clear that employees' rights under the WLAD do not necessarily require CBA interpretation and that these state law rights are not negotiable. *Id.* at 1009–1011.

Boeing's attempts to distinguish this case from *Humble* are unconvincing. The *Humble* analysis is not affected by the procedural differences present here. Sub-

---

stantively, the appellants have asserted the same claims as were asserted in *Humble*, and although in its defense Boeing relies on different provisions of the CBA than it did in *Humble*, the document at issue is the same.

Boeing may be correct that it will need to consult and interpret the CBA as part of its defense that it made reasonable accommodations under Washington's discrimination law. However, as we stated in *Cramer*, it is the plaintiff's claim that is the "touchstone" of § 301 preemption analysis. "If the claim is plainly based on state law, § 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." *Cramer*, 255 F.3d at 691. *See also Humble*, 305 F.3d at 1011–1012.

REVERSED and REMANDED with instructions to remand to the state court for disposition of the appellants' claims under the WLAD.